IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS WAYNE COVINGTON, )
 )
 Plaintiff, )
 )
 v. ) 1:22CV674
 )
JOHNNY HAWKINS, et al., )
 )
 Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Durham County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names four staff members of the Detention Center as Defendants based on the alleged discarding or destruction of his legal papers and seeks millions of dollars in damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint, on October 19, 2021, Defendant Goodwin took Plaintiff to the airport for the United States Marshals. (Docket Entry 2, § IV(D).) Plaintiff apparently had in his possession legal papers and documents which the Marshals instructed Defendant

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

2

Goodwin to take back. (Id.) Defendant Goodwin did so along with family contact information given to him by Plaintiff. (Id.) He later informed Plaintiff that he instructed the booking section at the Detention Center to contact Plaintiff's family concerning the papers. (Docket Entry 2 at 12.) When Plaintiff returned to the Detention Center in April of 2022, he inquired about his property to Deputy Powell, who is not named as a Defendant, and Deputy Powell emailed Defendant Goodwin. (Id.) Defendant Goodwin inquired further and learned that Plaintiff's papers had probably been thrown away. (Id.) Plaintiff then spoke to Defendants Chief Deputy Johnny Hawkins and Staff Sergeant Justin Ellerbee who allegedly responded that they would look into the matter, but that there was no way the property had been discarded. (Id.) This turned out to be incorrect and Defendant Ellerbee informed Plaintiff that the property had been thrown in the trash. (Id. at 13.) At some point, Defendants Hawkins and Ellerbee allegedly told Plaintiff they would compensate him, but have not done so, and also stated that he could file a lawsuit if he wanted. (Id. at 14.) Plaintiff also spoke to Defendant Jocelyn Robertson Cole who allegedly told him "'we are not responsible for your shit that was months ago and of course it[']s trash." (Id.)

The first, and most obvious, flaw with the Complaint is that Plaintiff's Complaint is based on the discarding of his legal paperwork and none of the Defendants named in the Complaint were allegedly responsible for discarding it. Defendant Goodwin allegedly delivered it to other persons in the Detention Center with information for returning it to Plaintiff's family. The other Defendants only made comments after the fact. Defendants Hawkins's and Ellerbee's alleged promises to compensate Plaintiff, whether kept or not, did

3

not somehow violate his federal constitutional rights and Defendant Cole's alleged statement explaining or justifying the discarding of the documents also did not somehow violate Plaintiff's rights. Therefore, the Complaint sets out no viable claim under § 1983 against the Defendants named in it and they should all be dismissed from the case.

Even if Plaintiff named proper Defendants or alleged that the current Defendants did discard his papers, his Complaint is still insufficient to state any claim for relief. As explained to Plaintiff in conjunction with a previous filing, he cannot raise any claim based on the taking and destruction of his property under § 1983, this is because there is no procedural due process claim under § 1983 for such takings if Plaintiff has a remedy in the state courts. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished). Prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Therefore, if Plaintiff seeks compensation for the destruction of his property, he must do so in the state courts, not in this Court under § 1983.

Finally, Plaintiff's Complaint also alleges that the destruction of his property left him unable to properly argue a motion to dismiss in his state court criminal case or send his attorney information for an Anders brief in a case the Complaint does not identify, but which appears to be his criminal case in this Court, 1:08CR495-1. Plaintiff was on supervised release in that case, but violated the terms of that release, resulting in the revocation of his supervised release and the imposition of a 33-month term of imprisonment. (1:08CR495-1, Docket Entries 105, 113.) His attorney did file an Anders brief on direct appeal in that case and

4

Petitioner was able to pursue multiple fruitless challenges to his revocation and the resulting sentence. (Id. Docket Entry 115.)

Plaintiff's contention that the destruction of his property left him unable to raise legal challenges in his state and federal criminal cases involves his right to access the courts. In order to state a claim based on an alleged denial of access to the courts, Plaintiff would have to allege facts demonstrating that the Defendants' actions denied him access to the courts by actually depriving him of the ability to pursue nonfrivolous claims. See Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.) (citing Lewis v. Casey, 518 U.S. 343 354-55 (1996)), aff'd, 103 F. App'x 505 (4th Cir. 2004). Plaintiff attempts to cite two such instances. One is a motion to dismiss that Plaintiff claims he could not adequately argue in the state courts. The Complaint does not fully describe this motion or explain why it would be nonfrivolous. However, it does state that Plaintiff sought to argue that he did not receive a first appearance and probable cause hearing in order to "help clear up [his] innocence," but could not make the argument because he was missing a document showing that the hearings did not occur. (Docket Entry 2 at 13.) Whether a defendant receives initial hearings has nothing to do with innocence. More importantly, the Complaint fails to describe the missing document. The Court notes that Plaintiff includes a copy of a Conditions of Release Form in conjunction with filings in another case, 1:22CV673, and writes on the document in several places that it is fraudulent and that initial and probable cause hearings reflected on the form as occurring did not happen. (1:22CV673, Docket Entry 2 at 38-39.) However, there is nothing in the document itself to show or prove that Plaintiff's assertions are true. If anything, the document

5

undercuts his assertion.   In the end, the Complaint does not contain facts supporting a claim that Plaintiff had a nonfrivolous argument in favor of dismissing his state charges but was prevented from presenting it due to the destruction of his papers.[2]  As for Plaintiff's federal appeal, the record in his criminal case reflects that he raised several arguments on appeal but simply lost.   Nothing in the Complaint describes a nonfrivolous argument not raised or support that was missing from one of the arguments that was raised due to Plaintiff's loss of property.  The Complaint fails to state any claim for relief and should be dismissed accordingly.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $6.67.  Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $6.67.

---

[2] The Court notes that even if Petitioner did not receive an initial hearing as he claims, if he has since been indicted, he is not entitled to such a hearing.  State v. Lester, 294 N.C. 220, 223-24, 240 S.E.2d 391, 395 (1978).  Further, any erroneous failure to provide him a probable cause hearing before indictment will not prevent him from being tried on a later indictment.  State v. Eason, 328 N.C. 409, 431, 402 S.E.2d 809, 821 (1991).

6

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October or 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 2nd day of September, 2022.

_____/s/  Joe L. Webster_____
United States Magistrate Judge

7